



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| GARY G. SLACK | ; | ) ) ) |
| Relator, | | ) ) |
| v. | | ) ) |
| BON AQUA INTERNATIONAL, INC., AQUA DYNE INC., CONSTANCE C. LOWENSTEIN, GERALD H. LOWENSTEIN and U.S. ENERGY AND LIGHTING SOLUTIONS | | ) ) ) ) ) ) |
| Defendants. | | ) ) ) |

Civil Action No. 1: 10cv 364
                                    AJT/TCB

JURY TRIAL DEMANDED

## COMPLAINT FOR FALSE PATENT MARKING

This is a *qui tam* action for false patent marking in which Relator Gary G. Slack makes the following allegations against Bon Aqua International, Inc., Aqua Dyne Inc., Constance C. Lowenstein and Gerald H. Lowenstein (collectively, "Defendants").

## THE PARTIES

1.      Relator Gary G. Slack is an individual residing in Reston, Virginia.

2.      Upon information and belief, Defendant Bon Aqua International, Inc. is a corporation duly organized and existing under the laws of the state of North Carolina with a principal place of business at 3647 Cherry Hill Drive, Greensboro, North Carolina 27410, United States of America.

3.      Upon information and belief, Defendant Aqua Dyne Inc. is a corporation duly organized and existing under the laws of the state of North Carolina with a principal place of business at 3647 Cherry Hill Drive, Greensboro, North Carolina 27410, United States of America.

4.      Upon information and belief, Defendant Constance C. Lowenstein is an officer, director and shareholder of Bon Aqua International, Inc. and an officer, director and shareholder of Aqua Dyne Inc. who resides in Guilford County, North Carolina, United States of America.

5.      Upon information and belief Defendant Gerald H. Lowenstein is an officer, director and shareholder of Bon Aqua International, Inc. and an officer, director and shareholder of Aqua Dyne Inc. who resides in Guilford County, North Carolina, United States of America.

6.      Upon information and belief, Defendant U.S. Energy and Lighting Solutions is a Virginia corporation with a principal place of business at 101 West Plume Street, Norfolk, Virginia 23510.


## JURISDICTION

7.      This is a *qui tam* action on behalf of the United States for false patent marking pursuant to 35 U.S.C. § 292(b), which provides, in relevant part, that "[a]ny person may sue for the penalty [under § 292(a)], in which event one-half shall go to . . . the United States."

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 292.

9.      This Court has personal jurisdiction over Defendants due at least to Defendants' substantial business in Virginia, including: (i) at least a portion of the false marking, affixing, or

advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Virginia and in this District. The exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

10.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1331, 1338(a), 1391(b), (c) and (d) and 1400(b).

## COUNT I – FALSE MARKING OF U.S. PATENT NO. 4,265,746

11.     Defendants have and continue, directly and/or through others, to make, use, sell and/or offer for sale in, and/or import into, the United States, including this District, certain products, including, by way of example only, the "Bon Aqua" water treatment system and components thereof.

12.     Defendants have and continue, directly and/or through others, to improperly mark, affix, and/or advertise patent rights that they do not possess, including, without limitation, U.S. Patent No. 4,265,746 ("the '746 Patent"), a true and correct copy of which is attached hereto as Exhibit A, on Defendants' products and/or related product packaging and labeling, including, by way of example only, the "Bon Aqua" magnetic amplifier, as illustrated in Exhibit B.

13.     The '746 Patent, which is entitled "Water Treating Apparatus and Methods," was filed in the United States on July 30, 1979 and issued on May 5, 1981.

14.     The '746 Patent expired, at the very latest, on May 5, 1998.

3

15.    Although the '746 Patent has expired, Defendants have and continue, directly and/or through others, to mark and/or affix the number of the '746 Patent to Defendants' products, including the "Bon Aqua" water treatment system and components thereof.

16.    Upon information and belief, Defendants have and continue, directly and/or through others, to advertise patent rights that Defendants do not possess, including, without limitation, the '746 Patent, relating to Defendants' products, including, without limitation, the "Bon Aqua" water treatment system and components thereof for the purpose of deceiving the public. Such advertising includes:

a.    Upon information and belief, Defendants have and continue to distribute a Product Overview which refers in its first sentence to "[t]he patented Bon Aqua® water treatment system . . . !" Upon information and belief, Defendants' Product Overview has and continues to state that "Bon Aquas® contain a patented magnetic amplification system . . . ."

b.    Upon information and belief, Defendants have and continue to represent on the website www.bonaqua.com  that "[t]he patented Bon Aqua® water treatment system is a permanent and totally passive non-chemical method of water treatment that requires a minimum amount of monitoring; no outside power source; very little wasted water, and is absolutely non-polluting!"

c.    Upon information and belief, Defendants have and continue to represent on its website that "Bon Aquas® contain a patented magnetic amplification system . . . ."

d.    Upon information and belief, during 2009, Defendants repeatedly represented to the relevant public, including Relator, that there was patent protection on the Bon Aqua units/system, including the '746 Patent.

4

e.     When confronted with evidence during 2009 that the '746 Patent had expired, Defendants claimed that other patents or protection applied to the falsely marked products, further evidencing Defendants' knowledge of the falsity of its markings with the '746 Patent and its intent to deceive thereby.

17.    Defendants know, or at least reasonably should know, that the '746 Patent has expired.

18.    Upon information and belief, each offense of false marking involving the '746 Patent caused by Defendants has and continues to deceive the public to the financial benefit of Defendants.

19.    Upon information and belief, each offense of false marking involving the '746 Patent caused by Defendants has and continues to deter competition to the financial benefit of Defendants.

20. Upon information and belief, public deception, and/or competitive harm caused by Defendants' false marking involving the '746 Patent has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT II – FALSE MARKING OF U.S. PATENT NO. 4,265,754

21.    Defendants have and continue, directly and/or through others, to make, use, sell and/or offer for sale in, and/or import into, the United States, including this District, certain products, including, by way of example only, the "Bon Aqua" water treatment system and components thereof.

22.    Defendants have and continue, directly and/or through others, to improperly mark, affix, and/or advertise patent rights that they do not possess, including, without limitation, U.S.

Patent No. 4,265,754 ("the '754 Patent"), a true and correct copy of which is attached hereto as Exhibit C, on Defendants' products and/or related product packaging and labeling, including, by way of example only, the "Bon Aqua" magnetic amplifier, as illustrated in Exhibit B.

23.    The '754 Patent, which is entitled "Water Treating Apparatus and Methods," was filed in the United States on June 6, 1980 and issued on May 5, 1981.

24.    The '754 Patent expired, at the very latest, on May 5, 1998.

25.    Although the '754 Patent has expired, Defendants have and continue, directly and/or through others, to mark and/or affix the number of the '754 Patent to Defendants' products, including the "Bon Aqua" water treatment system and components thereof.

26.    Upon information and belief, Defendants have and continue, directly and/or through others, to advertise patent rights that Defendants do not possess, including, without limitation, the '754 Patent, relating to Defendants' products, including, without limitation, the "Bon Aqua" water treatment system and components thereof for the purpose of deceiving the public. Such advertising includes:

        a.    Upon information and belief, Defendants have and continue to distribute a Product Overview which refers in its first sentence to "[t]he patented Bon Aqua® water treatment system . . . !" Upon information and belief, Defendants' Product Overview has and continues to state that "Bon Aquas® contain a <u>patented</u> magnetic amplification system . . . ."

        b.    Upon information and belief, Defendants have and continue to represent on the website www.bonaqua.com  that "[t]he <u>patented</u> Bon Aqua® water treatment system is a permanent and totally passive non-chemical method of water treatment that requires a minimum amount of monitoring; no outside power source; very little wasted water, and is absolutely non-

polluting!"

        c.      Upon information and belief, Defendants have and continue to represent on its website that "Bon Aquas® contain a patented magnetic amplification system . . . ."

        d.      Upon information and belief, during 2009, Defendants repeatedly represented to the relevant public, including Relator, that there was patent protection on the Bon Aqua units/system, including the '754 Patent.

        e.      When confronted with evidence during 2009 that the '754 Patent had expired, Defendants claimed that other patents or protection applied to the falsely marked products, further evidencing Defendants' knowledge of the falsity of its markings with the '754 Patent and its intent to deceive thereby.

27.      Defendants know, or at least reasonably should know, that the '754 Patent has expired.

28.      Upon information and belief, each offense of false marking involving the '754 Patent caused by Defendants has and continues to deceive the public to the financial benefit of Defendants.

29.      Upon information and belief, each offense of false marking involving the '754 Patent caused by Defendants has and continues to deter competition to the financial benefit of Defendants.

30. Upon information and belief, public deception, and/or competitive harm caused by Defendants' false marking involving the '754 Patent has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT III – FALSE MARKING OF U.S. PATENT NO. 4,265,755

31.    Defendants have and continue, directly and/or through others, to make, use, sell and/or offer for sale in, and/or import into, the United States, including this District, certain products, including, by way of example only, the "Bon Aqua" water treatment system and components thereof.

32.    Defendants have and continue, directly and/or through others, to improperly mark, affix, and/or advertise patent rights that they do not possess, including, without limitation, U.S. Patent No. 4,265,755 ("the '755 Patent"), a true and correct copy of which is attached hereto as Exhibit D, on Defendants' products and/or related product packaging and labeling, including, by way of example only, the "Bon Aqua" magnetic amplifier, as illustrated in Exhibit B.

33.    The '755 Patent, which is entitled "Magnetic Fluid Treating Unit," was filed in the United States on August 23, 1979 and issued on May 5, 1981.

34.    The '755 Patent expired, at the very latest, on August 23, 1999.

35.    Although the '755 Patent has expired, Defendants have and continue, directly and/or through others, to mark and/or affix the number of the '755 Patent to Defendants' products, including the "Bon Aqua" water treatment system and components thereof.

36.    Upon information and belief, Defendants have and continue, directly and/or through others, to advertise patent rights that Defendants do not possess, including, without limitation, the '755 Patent, relating to Defendants' products, including, without limitation, the "Bon Aqua" water treatment system and components thereof  for the purpose of deceiving the public. Such advertising includes:

      a.    Upon information and belief, Defendants have and continue to distribute a

Product Overview which refers in its first sentence to "[t]he patented Bon Aqua® water treatment system . . . !" Upon information and belief, Defendants' Product Overview has and continues to state that "Bon Aquas® contain a <u>patented</u> magnetic amplification system . . . ."

b.      Upon information and belief, Defendants have and continue to represent on the website www.bonaqua.com that "[t]he <u>patented</u> Bon Aqua® water treatment system is a permanent and totally passive non-chemical method of water treatment that requires a minimum amount of monitoring; no outside power source; very little wasted water, and is absolutely non-polluting!"

c.      Upon information and belief, Defendants have and continue to represent on its website that "Bon Aquas® contain a patented magnetic amplification system . . . ."

d.      Upon information and belief, during 2009, Defendants repeatedly represented to the relevant public, including Relator, that there was patent protection on the Bon Aqua units/system, including the '755 Patent.

e.      When confronted with evidence during 2009 that the '755 Patent had expired, Defendants claimed that other patents or protection applied to the falsely marked products, further evidencing Defendants' knowledge of the falsity of its markings with the '755 Patent and its intent to deceive thereby.

37.     Defendants know, or at least reasonably should know, that the '755 Patent has expired.

38.     Upon information and belief, each offense of false marking involving the '755 Patent caused by Defendants has and continues to deceive the public to the financial benefit of Defendants.

39.    Upon information and belief, each offense of false marking involving the '755 Patent caused by Defendants has and continues to deter competition to the financial benefit of Defendants.

40. Upon information and belief, public deception, and/or competitive harm caused by Defendants' false marking involving the '755 Patent has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## JURY TRIAL DEMAND

Relator respectfully requests a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a)    A judgment in favor of Relator that Defendants have falsely marked items in violation of 35 U.S.C. § 292;

(b)    A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, one-half of any such award to be paid to the United States;

(c)    An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d)    An award of pre-judgment and post-judgment interests on any monetary award;

(e)    An injunction prohibiting Defendants, and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violating 35 U.S.C. §292; and

10

(f)     Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

Respectfully submitted,

Dated: _4/12/10_                    By: _____

D. Joseph English (VA Bar No. 42258)
Patrick C. Muldoon (VA Bar No. 43581)
DUANE MORRIS, LLP
505 9th Street, NW
Suite 1000
Washington, DC 20004-2166
djenglish@duanemorris.com
pcmuldoon@duanemorris.com
Tel: (202) 776-7800
Fax: (202) 478-2516

Attorneys for Relator GARY G. SLACK

11